IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO.: 7:18-CR-00009 |
| | : |
| RONNIE JONES, | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

The Court held a hearing on the United States Probation Office's Petition (Doc. 58) to revoke Defendant Ronnie Jones's supervised release. This Order memorializes that hearing. Previously, Jones pleaded guilty to possession of a Schedule II controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). The Petition alleges two violations of his supervised release. (Doc. 58 at 1.)

At the hearing, Defense Counsel acknowledged that Jones had been provided with a copy of the Petition for revocation and that he had reviewed it with Counsel. The Court advised Jones of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in any defense. Jones was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Jones acknowledged he understood. The Court also confirmed from Jones that he had received the Petition and the Revocation Report (Doc. 70) and reviewed them. Jones stated that he had spoken to Counsel and wished to stipulate to the alleged violations. The Court also found that Jones's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Jones stipulated to all alleged violations, the Court found that the violations in the Petition had been established by a preponderance of the evidence.[1] Once the

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is

1

violations had been established, the Court heard from the Government and Defense Counsel. Neither Jones nor the Government objected to the Revocation Report. The Court then declared Jones's supervised release revoked.

The Court determined Jones's U.S. Sentencing Guidelines range to be 3 to 9 months based on Grade C violations and a criminal history category of I. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Jones to time served. The Court found this sentence appropriate to reflect the seriousness of Jones's conduct and to protect the public. Jones's imprisonment shall be followed by no supervised release.

For these reasons, the Petition (Doc. 58) is **GRANTED**, and Jones's supervised release is **REVOKED**. Defendant is sentenced to time served. After his release, he will not have a term of supervised release.

**SO ORDERED**, this 26th day of September 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).